IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

JUDY A. CRUMLEY, as }
Administratrix for the Estate }
of Frank James Esiel, }
                                      }    CIVIL ACTION NO.
    Plaintiff           }
                                      }    97-AR-0790-E
    vs.                   }
                                      }
THE CITY OF ANNISTON, ET AL., }
                                      }
    Defendants         }

FILED
97 APR 21  PM 3:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 2 1 1997

**MEMORANDUM OPINION**

The court has for consideration the timely motion to remand filed by plaintiff, Judy A. Crumley, in her capacity as administratrix of the estate of Frank James Esiel, deceased.

Although ostensibly mailed by United States mail within time for the notice of removal to have been received by the Clerk, the notice of removal was not received within the required thirty (30) days. This may be an unfortunate circumstance, but it is a fatal circumstance.

     The removal statute requires that:

     (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court <u>shall file in the district court of the United States</u> for the district and division within which such action is pending . . . .

     (b) The notice of removal of a civil action or proceeding <u>shall be filed within thirty [30] days</u> after receipt by

1

the defendant . . . .

28 U.S.C. § 1446(a)(b)(1997)(emphasis added). Defendant must actually <u>file</u> his notice of removal in the district court. Defendant cannot fulfill this filing requirement by simply mailing his notice or removal via first class mail or otherwise. *See Lee v. Dallas City Bd. of Educ.*, 578 F.2d 1177, 1178 (5th Cir. 1978)(finding that compliance with filing requirement is not satisfied by mailing the necessary papers within the requisite time, the papers must be filed with the clerk within the applicable time).

>*Moore's Federal Practice* states:
>
>[B]--Mail Delivery
>Papers may be mailed to the clerk in order to satisfy the filing requirements of Rule 5. But the filing requirement is only met on actual receipt of the documents or when they are placed in the box in the clerk's office.
>
>Unlike service, filing is not deemed complete upon mailing (see § 5.04[2][a][ii]). <u>If papers sought to be filed are mailed well before a deadline and arrive one day after the deadline, the filing is untimely.</u>

§ 5.30[1][a][i][B](1997). While the United States Supreme Court has a special rule allowing for filing by mail, the Federal Rules of Civil Procedure do not. *See Houston v. Lack*, 487 U.S. 266, 277, 108 S. Ct. 2379, 2386 (1988); *Tisdale*, 854 F.2d 773; United States Supreme Court Rule 28.2. Likewise, the Northern District of Alabama does not have a local rule authorizing filing by mail.

The "thirty (30) day time period is mandatory and may not be

extended by the court. Since this time period is not jurisdictional, however, it may be waived by the parties by 'affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand.'" *Liebeg v. Dejoy*, 814 F. Supp. 1074, 1076 (M.D.Fla. 1993)(quoting *Maybrick v. Haim*, 290 F. Supp. 721, 723 (S.D.N.Y. 1968)); see also 16 James Wm. Moore, et al., Moore's Federal Practice § 107.30[3][a][i](3d ed. 1997)("This 30-day period is strictly construed.").

An appropriate, separate order of remand will be entered.

DONE this 21st day of April, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE